IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

:
EDUCATIONAL SYSTEMS FEDERAL      :
CREDIT UNION                     :
                                 :
     v.                          :    Civil Action No. DKC 09-3217
                                 :
CUMIS INSURANCE SOCIETY, INC.    :
                                 :

**MEMORANDUM OPINION**

Defendant's motion to dismiss or stay on abstention grounds is currently pending and ready for resolution in this action for declaratory judgment and breach of contract. (Paper 10). The issues are fully briefed and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary. For the reasons that follow, Defendant's motion will be denied.

**I. Background**

**A. Factual Background**

Plaintiff Educational Systems Federal Credit Union ("ESFCU") has filed a complaint asking for declaratory judgment and alleging breach of contract against its servicing contractor, Cumis Insurance Society, Inc. ("Cumis") under a credit union bond. (Paper 1 ¶ 1).

Plaintiff ESFCU is a federal credit union chartered to operate in Prince George's County, Maryland. Its membership includes primarily employees, union workers, and students of

institutions located in five counties in Maryland. (*Id.* at ¶ 2). On June 1, 2008, Defendant issued Credit Union Bond No. 000514-17 ("Bond") to Plaintiff. (*Id.* at ¶ 6, Paper 1, Attach. 1). The Bond was effective for at least the annual bond period of June 1, 2008 – June 1, 2009 and covered Plaintiff while it was in effect. (*Id.* at ¶ 7). Plaintiff was covered by substantially similar bonds prior to June 1, 2008. (*Id.*). Coverage A of the Bond provided that Defendant would pay Plaintiff for any loss by Plaintiff "resulting from dishonest acts committed by an 'employee' or 'director,' acting alone or in collusion with others." (*Id.* at ¶ 8). Employee was defined in part as a "Servicing Contractor," a term which was then further defined. (*Id.* at ¶ 9, Paper 1, Attach. 1, at 20).

During the Bond Period, Plaintiff engaged CU National Mortgage LLC and U.S. Mortgage Corporation (collectively, "CU National") as servicing contractor to collect and record payments on certain mortgage and home improvement loans that Plaintiff owned. (*Id.* at ¶ 10). Plaintiff instructed CU National not to sell any of Plaintiff's loans to any third parties. (*Id.* at ¶ 11). Plaintiff "distinguishes itself as a lender by not selling Loans" that it funds to third parties. (*Id.*).

Plaintiff alleges that without its knowledge or consent, CU National sold thirty-six loans to a third party (the Federal

National Mortgage Association) on eight different occasions between December 12, 2006 and December 28, 2007. (*Id*. at ¶ 12). Plaintiff alleges that CU National and its partners and employees kept the proceeds of each sale and used them to enrich themselves, causing Plaintiff to experience a loss. (*Id*. at ¶ 13). CU National, however, continued to make monthly payments to Plaintiff on the loans it had sold. (*Id*. at ¶ 14). Plaintiff claims that despite regularly performing due diligence, it did not discover the criminal activities of CU National because CU National falsified records. (*Id*.). Plaintiff did not learn until February 2009 that CU National had engaged in these fraudulent and criminal activities. (*Id*. at ¶ 17).

Plaintiff alleges that the president and majority shareholder of CU National, Michael McGrath, was the "mastermind of this scheme." (*Id*. at ¶ 15). He has since pled guilty and was scheduled to be sentenced in February 2010. CU National and U.S. Mortgage Corporation are currently in bankruptcy. (*Id*. at ¶ 16).

**B. Procedural Background**

Around February 23, 2009, Plaintiff sent notice of its loss to Defendant, followed up with proof in July 2009, and amended its proof on October 24, 2009. (Paper 1 ¶ 18).

On June 1, 2009, Cumis filed a declaratory judgment action in Wisconsin state court naming, among others, ESFCU as a defendant. It sought a declaration that the Bond did not cover the loss suffered. (*Id.* at ¶ 19). The suit was never served on ESFCU, and it was dismissed. (*Id.*).

Cumis filed a second declaratory judgment action in Wisconsin state court on August 31, 2009 ("Wisconsin action"). (*Id.* at 20). ESFCU did not learn of the suit until a face-to-face meeting on October 27, 2009 when ESFCU specifically asked Cumis if it had filed any suit involving it. (*Id.*). ESFCU was served on November 23, 2009. (*Id.*). On December 16, 2009, ESFCU and its co-defendants removed the amended complaint in state court to federal court. (Paper 10, at 2; Paper 18, Ex. 4). Notes from the docket entry of December 23, 2009 indicate that all defendants in the Wisconsin action held a telephone conference with the court, in which most defendants noted that they would move to dismiss for lack of personal jurisdiction. (Paper 18, Ex. 4, Paper 5). On January 20, 2010, Cumis moved for remand to state court. (*Id.* at 16). On January 22, 2010, ESFCU moved to dismiss the Wisconsin case for lack of jurisdiction (*Id.* at 25) or to abstain or transfer venue. (*Id.* at 29). The remaining defendants filed similar motions, and many also filed motions to consider the defendants' motions to dismiss before the plaintiff's motion for remand. For reasons

that are not apparent from the docket sheet, one defendant (TCT Federal Credit Union) then filed a response on March 19, 2010, indicating that it had no opposition to the motion to remand filed by Cumis – a position contrary to its earlier stance. (*Id.* at 136).

The remaining defendants, including EFSCU, then filed a "Stipulation to Grant Plaintiff's Motion to Remand and Return Action" to the state court. The Wisconsin district court therefore remanded the case to state court on March 22, 2010. (*Id*. at 141). The state court is now considering motions to dismiss for lack of personal jurisdiction by each of the various credit union defendants. (Paper 19, at 10).

Plaintiff ESFCU filed its complaint in this court on December 2, 2009. (Paper 1). Defendant Cumis moved to dismiss or stay it on abstention grounds on January 14, 2010. (Paper 10). Plaintiff responded in opposition on February 1, and Plaintiff replied on February 16, 2010. (Papers 11 & 14). After receiving the court's approval, and after the Wisconsin action had been remanded to state court, the parties each submitted a supplemental brief supporting its position regarding the motion to dismiss. (Papers 18 & 19).

In its motion to dismiss, Defendant requests the court to take judicial notice of several attached exhibits concerning the Wisconsin action. (Paper 10, Attachs. 2-5). Plaintiff has also

attached the complaint filed by Defendant in the Wisconsin action to its response. (Paper 11, Attach. 1). In their supplemental papers, each party has attached updated filings from other actions involving Defendant, including the docket list from a New York case where Cumis is a Defendant, and the docket from the Wisconsin action.

## II. Motion to Dismiss

Defendant contends that abstention is appropriate under *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491 (1942) as reaffirmed in *Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995). These cases involve an action filed in federal court seeking declaratory relief that duplicates an action filed in state court. As Plaintiff notes, there are two causes of action in this case: breach of contract and declaratory judgment. Therefore, Plaintiff contends, the alternative standards enunciated in *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976), should apply.

Defendant relies on *Riley v. Dozier Law, PC*, 2010 WL 1141079 (4th Cir. 2010), to argue that "the addition of non-declaratory relief does not remove a plaintiff from" the *Brillhart/Wilton* rule. (Paper 18, n. 4). In *Riley*, the competing cases both included a declaratory judgment claim but the federal case also involved requests for an injunction and for monetary damages. The plaintiff therefore argued that the

6

*Brillhart/Wilton* standard was inapplicable – much as Defendant in this case argues. The United States Court of Appeals for the Fourth Circuit held in a footnote that

> the perfunctory inclusion of nondeclaratory requests for relief does not suffice to remove a plaintiff from the ambit of the *Brillhart/Wilton* rule. A declaratory judgment plaintiff may not convert a district court's discretionary jurisdiction under *Brillhart/Wilton* into nearly mandatory jurisdiction under [*Colorado River Water Conservation District v. United States*] simply by tossing in dependent or boilerplate nondeclaratory requests.

*Riley*, 2010 WL 1141079 at FN 2. Unlike a claim for damages or an injunction, the additional claim in the instant action is for breach of contract – a wholly independent claim that could be separated and distinct from the declaratory judgment claim. Therefore, the analysis under *Riley* does not apply, as Defendant suggests.

Instead, the *Colorado River* analysis applies and, as indicated in *Riley*, it rarely results in abstention. The general rule is that "our dual system of federal and state governments allows parallel actions to proceed to judgment until one becomes preclusive of the other." *Chase Brexton*, 411 F.3d at 462. Furthermore, federal courts are bound by a "virtually unflagging obligation . . . to exercise the jurisdiction given them." *Colorado River Water*, 424 U.S at 817. "Abstention from the exercise of federal jurisdiction is the exception, not the

7

rule." *Id*. at 813. As the Supreme Court has articulated several times,

> The doctrine of abstention, under which a District Court may decline to exercise or postpone the exercise of its jurisdiction, is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it. Abdication of the obligation to decide cases can be justified under this doctrine only in the exceptional circumstances where the order to the parties to repair to the state court would clearly serve an important countervailing interest.

*Id*. at 813.

Keeping the strong bias towards adjudicating a case in mind when reviewing the facts of this case, the "threshold question in deciding whether *Colorado River* abstention is appropriate is whether there are parallel federal and state suits." *Chase Brexton*, 411 F.3d at 463. If the suits are parallel, then the court moves on to the second step of the analysis, balancing a number of factors on whether to abstain.

"Simultaneous federal and state suits are deemed parallel if 'substantially the same parties litigate substantially the same issues.'" *Extra Storage Space LLC v. Maisel-Hollins Development Co*., 527 F.Supp.2d 462, 466 (D.Md. 2007)(citing *New Beckley Mining Corp. v. International Union, UMWA*, 946 F.2d 1072, 1073 (4th Cir. 1991)). The only parties in this case are Cumis Insurance Society and ESFCU. In the Wisconsin action, on

8

the other hand, Defendant Cumis has brought suit against twenty other credit unions. According to Plaintiff, the other credit unions also have nothing to do with ESFCU's loss other than having hired the same servicing contractor. (Paper 19, at 8). The Fourth Circuit has required that the parties be "virtually identical," *Extra Storage*, 527 F.Supp.2d at 466, which they are not in the two cases at issue here. The legal issues are also not identical. The Wisconsin action does involve the same loss and the same fidelity bond. The Wisconsin action, however, involves only a declaratory claim, whereas this case also includes a breach of contract claim. Finally, the remedies sought are not identical. Defendant is seeking a declaration only in the Wisconsin action. Here, Plaintiff is seeking both a declaration as well as damages for breach of contract. Although the remedies, the parties and the actions are similar, they are not identical and do not meet the standard imposed by the Fourth Circuit in evaluating potentially-duplicative claims.

As the Fourth Circuit articulated in another case, "[w]hile we agree that the federal and state actions have similar claims and draw on common events, they are not totally duplicative." *McLaughlin v. United Virginia Bank*, 955 F.2d 930, 935 (4th Cir. 1992). The cases in this instance are not parallel – the remedies sought are different, the causes of action brought are different, and the parties in the cases are different. The

factual overlap that exists is insufficient to determine that these suits are parallel for purposes of abstention. *See Extra Space Storage*, 527 F.Supp.2d at 467. Although this case and the Wisconsin action are not parallel, assuming *arguendo* that they are, Defendant's motion would still fail based on the *Colorado River Water* factors.

The Fourth Circuit and Supreme Court have identified six factors to help guide the analysis. Those factors include

> (1) whether the subject matter of the litigation involves property where the first court may assume *in rem* jurisdiction to the exclusion of others; (2) whether the federal forum is an inconvenient one; (3) the desirability of avoiding piecemeal litigation; (4) the relevant order in which the courts obtained jurisdiction and the progress achieved in each action; (5) whether state law or federal law provides the rule of decision on the merits; and (6) the adequacy of the state proceeding to protect the parties' rights. *Chase Brexton*, 411 F.3d at 463-64.

*Great American*, 468 F.3d at 207-208.

The first factor is irrelevant as no real property is at issue. The second factor concerns the forum. The federal forum here in Maryland should not be inconvenient for Defendant because it already has an office in the state. Plaintiff asserts that this court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, because the parties are citizens of different states, and pursuant to 28 U.S.C. § 2201, the

10

Federal Declaratory Judgment Act. Plaintiff's operations are only in Maryland and many potential witnesses will come from New Jersey, Maryland, the District of Columbia and Virginia. Therefore, Maryland is the most-ideally situated state in which to hold the proceedings as both parties have contacts in the state and it is the most convenient for potential witnesses.

With respect to the third factor, the desirability of avoiding piecemeal litigation, the issues in the breach of contract claim are different from those in the Wisconsin action. The breach of contract claim will require examining the bond itself to determine whether Defendant is in fact a servicing contractor under the bond, and whether it has breached the terms of the Bond. Plaintiff has also argued that in the alternative, Defendant's filing of the Wisconsin lawsuit constitutes an anticipatory breach of contract. These claims are not covered in the Wisconsin action and therefore must all be litigated in the action before this court. It is also not a "foregone conclusion" that the evidence needed to prove these claims will overlap in any way with the claim in the Wisconsin action. *See Great American Insurance*, 468 F.3d at 209.

The fourth factor examines the order in which jurisdiction was obtained by the courts. The Wisconsin action was undoubtedly brought first, although under less than clear circumstances. By contract, Plaintiff contends that Defendant

was precluded from bringing suit in court until sixty days after ESFCU submitted its original proof of loss. (Paper 1, Attach. 1, section entitled "Legal Action Against Us"). It submitted its proof of loss on July 16, 2009 and so the earliest Defendant could have filed its case was September 16, 2009. (Paper 19, at 1). Defendant filed its first Wisconsin action on June 1, 2009 and its second action (the one still pending) on August 31, 2009. (*Id*. at 2). Furthermore, despite the fact that Defendant filed the action in August, it did not serve Plaintiff until November 2009 and Plaintiff promptly thereafter filed this action in this court.

The fifth factor - whether state law or federal law provides the rule of decision on the merits – is not implicated. State law will undoubtedly apply to the contract issues, but the parties disagree which state law will apply. Plaintiff argues that Maryland state law will be applied on the breach of contract claim to any interpretation of the bond issued to it in Maryland. (Paper 19, at 2). Defendant argues that the contract was entered into and partially performed in Wisconsin. (Paper 18, at 5). The bond does not specify which law should be applied when interpreting it.

The sixth factor is neutral in this case, although given the slow pace at which the Wisconsin action is advancing, an argument could be made that the federal action will provide

resolution in a more timely fashion. Because the Wisconsin action consists of so many defendants, there is no reason to believe that the case will move promptly through the state court system (if it stays there).

After tallying the relevant factors and considering them against the backdrop of the strong presumption of adjudication of cases, this case does not present "exceptional circumstances" that would justify or necessitate that this court surrender its jurisdiction in favor of the Wisconsin action.

## III. Conclusion

For the foregoing reasons, the motion filed by Defendant Cumis to dismiss or stay will be denied. A separate Order will follow.

      /s/                
DEBORAH K. CHASANOW
United States District Judge
